Case number 10-1599, Agolf, LLC v. Village of Arlington Heights. Well, you forfeited your chance. The die has been cast. Well, step up and give us your names. That was for the record, that was only just. I'm sorry, Your Honor, I'm Jack Schultz, board of the plaintiff of Agolf, LLC. I'm sorry, Your Honor, I'm Jack Schultz, board of the Village of Arlington Heights. All right, well you saw how we run it. We're pretty liberal, but don't take forever. We're more liberal in the a.m. than in the p.m. Yes. Especially when the clacks don't even know. Good morning, Your Honors. May it please the Court. Again, my name is Jack Schultz. I represent Agolf, LLC. This is an appeal from the trial court's grant of summary judgment in favor of the Village of Arlington Heights. The trial court found that the doctrine of res judicata bars Agolf's suit against the Village. Specifically, the court found that there was an identity of interest between Agolf, the owner of the International Plaza Shopping Center, and one of its tenants, Capital Fitness, who had filed and lost a separate suit against the Village contesting the TIF designation. We contend that the trial court erred because, as the landowner, Agolf possesses fundamentally different interests than its tenant, Capital Fitness. What different interests? Agolf and Capital Fitness hold different bundles of sticks. But it affects them the same way. Does it not? It does not affect them the same way. Well, is the law the same for both? The law with respect to? The legal issues and the legal outcome. Would that be the same for both? Let's start from there. Well, it is not. Is that correct, that the law, the issues, the determination, would be the same for the tenant as it would be for the landlord? If Your Honor is referring to whether or not there's an identity of causes of action, in this case, our position is that there is no identity of causes of action because Agolf filed constitutional claims, Let's put that aside. Let's stick to everything else. Well, is everything in the tenant's claim, or is everything in the landlord's claim, identical to what is included in the tenant's claim? Other than the constitutional issues. Well, the constitutional issues are in the tenant's claim, aren't they? They are not. They are not. Putting aside the constitutional claims, there is the same transaction here. Same issues, same result. What's different here may be the motivations based on the stakes. That is correct. So, for example, if what the difference were that the tenant's claim is for a million dollars and the landlord's claim is for five million dollars, or a billion dollars, make it easy for you. Would that be enough to circumvent the impact of race due to conduct? Well, in this case... I mean, it's not that the motivation here, that the stakes for any of the parties are de minimis. Your Honor, we're talking about different bundles of sticks here that affect each of the parties differently. You had a right to intervene, right? We had a right to intervene, but we did not have... So even if you had different bundles of sticks, you kind of missed the boat. Our position is that while we had the right to intervene, we were not compelled to do so. When you say different bundles of sticks, in the transactional test it says basically you got the same facts. There are three prongs to the race judicata analysis, as Your Honors know. The first prong is that there has to be a final adjudication on the merits. The second prong is there has to be an identity of causes of action. The third prong is there has to be an identity of interest. And our position is we don't have an identity of interest in this case, and for this reason. Section 54 of the Restatement, Second of Judgments, we believe is dispositive. And Section 54 says this, it provides, and I'll read this. When two or more persons have concurrent ownership interests in property, a judgment for or against one of them concerning his interests does not have effects, under the rules of race judicata, on another such owner. In other words, Section 54 is about different bundles of sticks held at the same time in the same property. People holding different bundles of sticks concurrently in the same property are not in privity with one another. And the commentary to Section 54, it identifies the relationships, the types of relationships that Section 54 covers. And I'll read this, and it says the role of this section applies to ownership generally, including the interests of the landlord and tenant. Also covered under this section is interests in which the right of possession is successive, such as those of a life tenant and a remainderment. A life tenant and a remainderment, just like a landlord-tenant, hold different interests in the same property, and they hold these interests at the same point in time. The restatement says this is to be contrasted with the rule applying to successors. So we're in the reverse. Obviously, if the landlord had sued first, the privity issue would be a lot tighter, as far as the tenant then bringing suit, because basically the tenant's rights would be derivative of the landlord's in this particular lawsuit. But hasn't there been a cooling off of the restatement, a departure in favor of a broader application of res judicata, to say that if they have commonality of interest involving the same property, even though there are different types of interest involved, that the issue is really whether there is an identity of the cause of action. If the cause of action is identical, that res judicata will then apply. I don't think that's what the case law says. I don't think there's been a movement away from the three-prong test for res judicata. There still needs to be an identity of cause of action, as well as an identity of interest. Let's depart from the restatement, because after all, the restatement does not contain the mosaic evidence. The question is, should that be the rule? Why shouldn't there be res judicata when, in fact, you have two parties that are litigating basically the same issues involving the same property, the same violations by the third party, particularly where those parties are rub elbows, you know, that they're not distant and separated, they know of each other, they're aware of each other. Why should there be two lawsuits, though? I think what your honor is asking, to rephrase it, is why not just have one lawsuit, and we will define what interest is. Interest is just having the desire to have the same outcome in this case. Both the tenant and the landlord want to have... It would be one thing if one of the parties decided to go pro se, or didn't aggressively pursue his rights as the other party would have done or would have wanted. Then you have other equitable considerations, because res judicata is an equitable concept. But if you have sophisticated lawyers, if Sidley and Austin are on one side, and Holland and Knight were on the other side, I don't want to hurt anybody's feelings here, and they're both aggressively fighting this case, why shouldn't one be dependent on the pursuit of that lawsuit by the other, and if one is not satisfied with that, intervene? Because the line of intervention is open. Why shouldn't res judicata apply according to classical concepts? Why shouldn't it be without requiring the successors, without having the privity rule be defined by successorship of interest? I'll take a couple steps back. Privity is not only defined as successors in ownership. Illinois law, as well as Restatement II, recognizes three types of privity relationships that we don't have here. The first type of privity relationship is where you have a true representative relationship, such as a trustee and a beneficiary or a class representative and members of a class or a public entity and its constituents. We don't have that type of privity relationship here because Agoff, the landowner, didn't elect or appoint Capital Fitness to represent its interest in the other case. So we'll put that. That's one type of privity relationship that we don't have. The second type of privity relationship is, of course, successors in ownership, which we don't have because Agoff and its tenants... If you're dealing with the concept of offensive and defensive race judicata applications, if you're dealing with offensive race judicata applications, why shouldn't the fact that the other side was prosecuted by a different law firm or a different party make a difference? We're talking about the connection between one party and another and whether or not those interests are so aligned that one becomes a virtual representative of another. They both wanted one thing for the TIF district not to exist. That's plain and simple. There is no other battleground here. That's what they both wanted gone. So if it's A or B does it and A succeeds and you didn't intervene, you've taken a step, but I don't see where you have something new to offer. Well, certainly we're protecting our own, our specific... You were protecting. You want a second bite at the apple. Actually, there's a close question here because there's a question. If this were a Supreme Court case, you'd have stare decisis, and really the distinction between stare decisis and race judicata in a given case is not that great because in either way it would dispose of the issues. And if you have a decision given in a case by a court of review, it's not that far distant from race judicata unless you were appearing before another panel and then you're kind of judge shopping, aren't you, and using the race judicata distinctions that you're making to judge shop. Basically, I don't mean that with any rancor. I'm just trying to describe what in fact on a broad base these issues boil down to. So the question is whether you should have the luxury or the right of filing another lawsuit when the original lawsuit is still pending or just concluded and it involves the same piece of property. Why do we want to necessarily encourage moral litigation when you're already roped in in part by a stare decisis restriction in any event? Well, certainly this is not a stare decisis. The issue here is whether race judicata should be applied with respect to this case. But the other case has already gone through review, hasn't it? Yes, it has. Okay, so you are in a stare decisis situation as far as the trial court is concerned. If you go through a trial, the trial court has to listen. Unless there's a conflict within a district, the trial court is bound by what the decision already was in its district. Well, to answer your question why AGOF should have the right to file its own separate suit at this point in time, it's because their interests were not protected. They had separate interests. Now, it depends on how you define what interest is. If interest is simply having the same outcome as the case. Well, their interest is never going to be protective in your sense of the word because they're different parties to the litigation. Unless they have privity. But the issues are protected. Your interest in the issues and the outcome of the lawsuit, that is protected. That is only one part of the race judicata analysis. Race judicata requires that the identity of causes of action as well as identity of interest here, if you mesh the two together, certainly, of course, having the same causes of action would disallow parties that had separate interests from litigating the case. And what we are saying is that there has to be an identity of interest and there isn't because the landlord and the tenant are not in privity with each other. And I can't divorce the restatement of judgments because it's followed by Illinois cases. It's followed by the River Park case, the NOAC cases. These are all Illinois Supreme Court cases that cite to the restatement second of judgments. And so I'm taking, I didn't make this up, I'm taking what the rule is and applying it to our case. And in our case, there is no identity of interest between AGOF and Capital Fitness. Now, what are the interests of AGOF and Capital Fitness? In this case, AGOF, as the landowner, their paramount interest is to protect the property value of their shopping center. And this makes sense. The shopping center is AGOF's asset. They want to make sure that the property value is maintained. Capital Fitness doesn't own the mall. The shopping center is not an asset for Capital Fitness. In fact, it would be considered a liability on Capital Fitness's balance sheet. Capital Fitness does not have the same interest in protecting the property value. You know, calling it the same interest is fine and good, but I think the actual character of what you're describing is motivation. It's one thing if there are an array of issues in a case, and if one litigant would only be interested in getting a good ruling on one of the issues and couldn't care about the other. In this particular case, both parties care equally about every issue in the case. The difference is there is less at stake for the tenant than there is for the landlord. Then the consideration should be, you know, as it would be under the rules of evidence as well, well, I won't get into that. But anyway, the question should be whether there is enough at stake so that we don't have to worry about a lesser press or prosecution or defense being instituted. So that goes back to the original question. If one party has a million dollar at stake and another party has a five million dollar stake, that shouldn't be a difference. Council, I think what you should really do is go to where you probably have your best chance, and that's the constitutional issue. I don't think you're seeing too much positive from us on this issue. I guess what you're getting at. I think you have an opportunity there, so I would lay your groundwork there because I tend to sympathize with that argument. Also, for the record, I'm not bottom lining my arguments. I'm known to be a devil's advocate. He was an ex-teacher. I'm a devil's advocate. I'm giving you a hard time. He's going to beat you to the ground just to have fun. No, no, no. I just want to expect whatever essence you have for it. And I do have more to say on the restatement in Section 54. I think the other one is more to your liking. Agoff also contends that there's no res judicata that cannot be applied in this instance because there is no identity of causes of action, and this is because Agoff filed two constitutional claims where Capital Fitness in their suit did not, and we contend that those constitutional claims, especially the first one, which goes to vagueness of the term blight as used in the TIF statute, that that's vague on its face arises out of a different transaction, a different set of facts, because in that instance, that count only requires that the court look at the statute and see on its face whether or not it is vague. And so this was not a claim that could have been. This is a new claim arising out of a different set of operative facts here that we're asserting. How about Crouch? The Crouch case comes into play in our case because the trial court had wanted us to concede that it was dispositive of the constitutional claims that we asserted. We contended at the hearing on summary judgment that we did not concede that position. You indicated that it said what it said, but in your position now is that merely by stating that does not go to the conclusion, that that waives your anything, that you're entitled to argue. That's correct. If you look at the entire context of the exchange between Agoff's attorney at hearing and the trial court, it's very clear that Agoff's attorney is saying that he is not conceding that Crouch applies in our case. But certainly the trial court did not engage in any substantive application or analysis of Crouch as applied to our case. Crouch concerned an issue concerning vagueness, but it doesn't indicate that it goes to whether or not the term blight or blighted as used in the TIF Act is vague. It simply didn't decide that. Incidentally, there's a soft point to me in any event, with the fact that you have two counts that have not been raised by your opponent, be enough to save you from res judicata, because once that's there, then there is only collateral estoppel left, but not res judicata on the other issues. Well, I'm not sure about collateral estoppel, but certainly with respect to res judicata. Res judicata would devolve into a collateral estoppel argument if it didn't cover the entire lawsuit. And certainly that is our, we have another position, which is that we don't have an identity of causes of action, and because we don't have two out of the three prongs for res judicata, it should not be a problem. Because you would be entitled to litigate on how far you would get on that issue. That's a whole other story, but it wouldn't prevent you from litigating. Well, if the court doesn't have any other questions, I'd like to reserve a little bit of time for a vote. All right. Thank you. May it please the court, the only issue in this case really is the question of privity. Counsel cites the restatement. He doesn't bother to cite the law in Illinois. There's a number of cases, all of which were cited in her brief, cited by Judge Arnold in her written opinion. People X.L. Burroughs v. Progressive Land Development, the city of Rockford v. Unit 6, Sunset Ridge, all of these cases cited after the restatement had dropped the definition of privity, made it perfectly clear that what we have here is a perfect example of res judicata. Because res judicata arises in a situation here where there is a final judgment on the merits, no question of that, the parties in interest are in privity. The issues in these cases— Well, the classical definition of privity always involved derivative rights where the rights of the one were derivative of the other. And consequently, that party would have been bound by a determination made as to the source from which his rights derived. So that would be, in this case, if it's a landlord we're litigating, then the tenant would be precluded under privity under classical definition of privity. Your Honor, as pointed out in the Sunset Ridge case, a case which I didn't like when it first came down but which I now admire tremendously, the court made the point of privity and successive ownership between a long-term tenant, as is the case here, and the owner of the land. Here we have a long-term lease, 16 years at least, beginning in 1997, going through 2016. Great interest in this lawsuit. I filed a separate appendix because I don't know if Your Honors have seen the extensive trial opinion of Judge Epstein and the extensive appellate decision of Judge Neville. There can't be any question. The only issue in either of these cases are reflected in the actual allegations of the complaints. So I put both of the complaints in there, and you will see the identity of the complaint. I won't say it's plagiarism, but all I can say is they used the same language, the same specific paragraphs in the two cases, and they waited four years before, as Your Honors pointed out, they wanted a second bite at the apple. And as far as this Constitution... Well, I used that as a dating term when the appellant was arguing it, but is it a second bite at the apple if you view the restatements approach as basically giving every party its own integrity in terms of filing its own causes of action without being bound by what happens when strangers litigate, unless those strangers are strangers genetically, but they're not strangers insofar as their interest in the race being litigated? Absolutely, and that's what the law of race due to kind in Illinois is. Cases where the party's interests were adequately represented in the first case, and you look at the pleadings, you look at the opinions, you look at the nature of the litigation. My colleague and I spent three weeks litigating this case, and if you look at the opinions, you see we took it step by step, every criteria. Except what's the logic of simply using a sharing of interest in the same race, the same RAS of the lawsuit? I can see it where you have derivative rights involved, but otherwise, why shouldn't the same thing apply if it applies to a different plot of property? If another TIF somewhere in the city is challenging the TIF in its district, why shouldn't you extend race due to kind to apply there, as opposed to simply applying the rules of stare decisis or persuasion or whatever? The point is, this is the fourth lawsuit on TIF 4. We've had three in the state court, one in the federal court. That's why I cited that recent opinion, which I won't. Only for the purpose of showing the necessity of the village here having to defend these lawsuits when we totally litigated this issue, and you ask what was the interest of AGOLF? Well, the president, the owner, Mrs. Hugh, testified as a witness for Capital Fitness, the plaintiff in the original case, and she testified that her subsequently filed lawsuit was for the same purpose as the original lawsuit, the Capital Fitness lawsuit. Now, there can't be any question, as the commonality of interest, there can't be any question of adequate representation. Mr. Chu, my colleague here, was in the courtroom for part of that case. He knows it was vigorously contested, and all you have to do is look at the trial opinion and the appellate court opinion, and you'll see the extent to which both sides carefully litigated. Supposing he did, or for some reason or other did not have, a favorable opportunity to intervene, does the owner of the entire plot have to sit by and suffer the risk of having one of 100 tenants lose that litigation without being able to do it himself? First of all, as your honors pointed out, they have four years to intervene, and I'm not saying they had to intervene, but they knew exactly what was going on. If anything, you could say that Capital Fitness was a stalking horse, because they were ready and willing to spend the money, and they spent a lot of money litigating this. Not as much as perhaps they would hope to, but because they didn't win. But the point is that Mrs. Chu and Adolph were aware from the very beginning. Mrs. Chu testified. She appeared at the local hearings prior to the designation of the TIF district. They were not unknown parties. They weren't asleep at the switch. They knew every step of the way, and they waited four years. Now, that doesn't say that if they had a meritorious lawsuit, they had to intervene in this one, but this is the same lawsuit. Now, this constitutional issue, with all due respect, race judicata covers every issue which was raised or could have been raised. Except that the restatement doesn't look favorably on the tail wagons of law. The Appellate and Supreme Court of Illinois looks favorably on it, and that's more important than the restatement. As a matter of fact, they've dropped privity from the restatement. They cite the 1982 restatement because privity is no longer there. They talk about judgments, but privity is a concept which has been developed and recognized by the Illinois Supreme Court, by this court repeatedly. We're not trotting new ground here. The criteria, as I started to say, whether the plaintiff's party's interests were adequately represented and what kind of situations the court has recognized. They recognized progressive land development, which were two different lawsuits, they said, because the first one, which was lost, incidentally, the plaintiff lost the first one. Nevertheless, that was cited. It was properly pleaded. It was properly briefed. And this court pointed out, therefore, the interests of the parties were fully represented and the attorney general was bound. In the city of Rockford, there's a discharged police officer with a union, and they said the interests were exactly the same because the union represented the two different parties, but res judicata, not section 65 or section 13 of the restatement. I'm talking about the cases decided by this court and by the Supreme Court. Sunset Ridge, which- Let me ask you about this Crouch case. We're tending to, or I'm tending to see that maybe they didn't waive that argument and the case should be remanded on that issue. Well, Your Honor, I would say, first of all, I'm not clear from reading their brief whether they're even intending to argue the constitutionality. They don't list it. And part of their brief, they say they can't argue the constitutional issue because it wasn't reached. But as far as the constitutional issue is concerned, constitutional issue, if it was appropriate, should have been raised initially either in capital fitness or in this case. The only time the constitutional issue was thrown in was when we filed a motion to stay based upon res judicata before this amendment took place. I even brought it along because it doesn't appear in their appendix. But we filed a motion, Village's motion for stay based on res judicata, filed September 13th. They filed their amendment. They're adding this constitutional count three months later. But the constitutional issue would have no viability in the lower court once the lower court would decide that they don't have, I don't know, should we call it standing on their res judicata to bring its loss. You know, you don't have to put an argument into a dustbin. Well, I'm not going to. As far as I'm concerned, the TIF statute is constitutional. Yeah, but the issue is not whether it's constitutional or not, but whether they have an identity of a claim. If they have an issue that your client has not argued, why are they not entitled to a hearing on it without being prejudged on the basis of preexisting precedent? Because res judicata covers every issue which is raised or couldn't be raised. This is a funny kind of could have been because they have it in their pleading, but the courts are admonished not to reach constitutional issues gratuitously if they can decide the case without getting to the issue, and that's what happened. And that's what happened here, and that's exactly what should have happened. So should they be caught in the switches? Supposing there was no Supreme Court crouch case having determined that issue, should they be precluded from pursuing it? That doesn't viscerally ring right. Well, it rings right to me, Your Honor, because we've litigated TIF cases, dozens of them. The appellate court in every district is against this couch. Everybody has recognized the constitutionality, and the Supreme Court's own opinion in crouch, which I cited in my brief, handles the very issue. How do you handle that factor, assuming that that's true? And, you know, I don't think your opponent would do battle with you on that. How does that play into res judicata theory to preclude your opponent from getting a hearing on those issues? Because my opponent stands in the shoes of capital fitness. My opponent sat idly by until the capital fitness case was decided. It sat idly by until we raised the point of res judicata in our motion to stay, because Judge Arnold properly wanted to wait to see what this court was going to do before she made a decision as to whether this TIF district was valid or not. And that really is the only issue in both cases. But the point is, as far as the constitutional issue is concerned, that was thrown in. If you look at the argument, if you look at the allegations in that complaint, that is insufficient under any circumstances to raise a constitutional issue. They have nothing but conclusions in there. They talk about how terrible the TIF district statute is. But this court and Judge Epstein, they have a right to strategically pursue their lawsuit as they think is most likely to win. If they think that they don't have much of a chance on the constitutional issues, they're not obligated to bring it to the fore. The question is whether having it in their pleading in this instance, where the court preempted that issue by deciding that they're bound by res judicata, whether they have a right to litigate that issue. Without the court stepping in to say, since it's a loser, and since everybody knows it's a loser, and since this is just a plant, we're going to go into your heads and keep you from arguing. Your Honor, in that instance, the whole concept of res judicata in Illinois is to cover the issues which were raised or any issues which could have been raised. And that's the question. Could this issue have been raised when the court preempted that issue? No. It could have been raised in capital fitness. That's the point. That's what is critical for a res judicata argument. Because if it wasn't raised in the original case, in the original case makes res judicata applicable. Then that covers not only the issues which were raised, but any issues which could have been raised, including constitutional issues. But nobody considered it even a legitimate or a logical or a reasonable argument. All right. Thank you. I mean, I agree with you. That's the current law. I gave a seminar opposing that law, but whatever. Your Honor, I think you've hit everything you have to hit. You're telling me to quit. There still is the question of to what extent they're bound by the res judicata of the other case. Your Honor, let's forget the restatement. Only if they're bound by it. Let's look at the cases. Well, they have a chance to rebut it. Let's look at the cases. Let's look at the Supreme Court decision. We cite them all in the brief. I brought them, if Your Honor wishes to read them up. You're done. The point is that this is a perfect example of res judicata. I don't disagree with Justice Ginsburg that you touched all the base. I just don't want to have to re- You touched all the base. I just don't want to have to re-litigate this for 25 different tenths. Well, you've got another ten years. If I let them argue, they'll argue all day. No, no, I wasn't arguing. I was just agreeing that he touched the base. Time for your rebuttal. Thank you. Let's talk about the cases, shall we? Counsel talks about the Burrs case, the City of Rockford case, the Sunset Ridge case. All those cases do not involve a landlord-tenant relationship and they are not on point. In the Sunset Ridge case, that case involved a successive relationship between an owner and a developer in the same property interest, which was mainly developing and improving a piece of property. The beneficial owner in that case, who was the defendant in the first case, was the Society of the Divine Word. They were the beneficial owner. They transferred legal title to the developer, who was the defendant in the second case. There was a transfer of the same bundle of sticks, same interest there. In our case, we contend- I don't recall that it was decided on that basis. The court does, the appellate court opinion in the last paragraph of Sunset Ridge talks about successive relationship between the owner and the developer as being a basis for privity with respect to the defendants in the first case and the defendants in the second case. In our case, our case is not analogous. We have a landlord-tenant relationship. I know the court has said, please move on from the restatement second of judgment, section 54, but I would implore the court to take a look at that section, especially the illustration, which specifically talks about a situation in which a tenant sues first and then a landlord sues first. And it says, whether the judgment is for or against the tenant, it doesn't preclude the landlord from suing, because they have fundamentally different interests here. What about the fact that the restatement has seemingly abandoned the concept of privity in its classical sense? And that's a very good question, Your Honor. The restatement, the original restatement does not abandon the word privity. It still uses the word privity. The restatement second does not use the word privity, but it doesn't abandon the concept of privity. With respect to an identity of interest, one still needs to show that there is some relationship there that's closely tethered, such that one party is bound to another. So it doesn't, it uses, because privity is an imprecise term. Illinois cases do say... Why couldn't that tether consist solely of the fact that they both have a stake in the same property? Because simply having, I think the confusion here is that it's the same property. If it was a different property, then it would be a different story. But if even parties can have different interests that they hold in the same property, and if they do, then they're not in privity with each other. So our contention would be that that is the case here. I'd like to address one... We have, your voice is heard in that room. Smokers at one time used to listen in that room. So it's on the computer now. Thank you, Your Honor. You talk about the restatement second moving away from the concept of privity. We contend it doesn't move away from the concept of privity. It just stops using the word privity. But the original restatement uses the word privity. And there was a question about why did Agoff wait? Why didn't they intervene? Well, you know, this is not a case in which we lied in wait, allowed for capital defendants to litigate the suit without us. And then now we're trying to get a second bite of the apple. Our contention is that we had every right to sue when it made sense for us to sue, because we have a separate interest. And with respect to intervening in the case, the onus is on the village to join Agoff as a necessary party in that capital defendants case or to have consolidated the Agoff in the capital defendants case when Agoff filed suit against the village before the capital defendants case actually went to trial. And the analog to section 54 of the restatement second of judgments, which talks about co-owners in the same property, is section 103 of the restatement. And section 103, in the comment, it says this. It says, co-owners normally should be co-plaintiffs in maintaining an action with reference to the common property. But if the defendant does not object to the non-joinder, his failure to do so does not prevent by merger or by bar the other co-owners from bringing an action, nor is any matter decided in the case determinative in a subsequent action brought by the other co-owners. The restatement second doesn't change the concepts of privity that are required in order to have res judicata. That analog is in section 103, and that's unchanged. So we would submit that there still needs to be three requirements in order to There has to be an adjudication, a final adjudication on merit. There has to be an identity of causes of action. And there has to be an identity of interest. Now, of course, we're not the same parties. That's why you have the identity of interest to see whether or not there's any privity there. And we are contending that there is no privity here, even though it looks like on the face that we're talking about a landlord-tenant that they have interests in the same property. They have different interests in the same property. And I would implore the Court to look at the other example that the restatement talks about, which is the life tenant and the remainder man. Now, that's an interesting relationship, a life tenant and a remainder man, just like a landlord-tenant. They both hold an interest in the same property, but they hold a different interest. A life tenant and a remainder man, for instance, has a future right to possess the property in the future. But it holds that interest today. It can mortgage on that interest. It can trade on that interest. And what we are saying is the landlord-tenant relationship is, as delineated in Section 54, like the life-tenant-remainder-man relationship. And it's for that reason, where they have a different bundle of sticks, that the landlord can bring an action separate from the tenant. And one other point. There's been talk, at least in the underlying briefs, and certainly the village has brought this up, about how this is unfair for the village. How that there are 27 or 28 other tenants that could possibly bring suits against them contesting the TIF. But that's not what we have here. What we have here is we have a landlord-tenant relationship. We don't have a tenant-tenant relationship. And so whether or not those tenants are in privity with capital financials. I just want to mention to your opponent Rule 137 and 375, which covers you. The 25th tenant files the same lawsuit. Do you think he's going to get by without being stiffed for attorney's fees under the sanctioned provisions of the rules? It doesn't need to look too great to protect against that. Anything else? And just one minor point. Mrs. Shue, who happens to be my mom, testified in the underlying case. I thought there was. She was subpoenaed for her deposition, and she testified not without the threat of having a subpoena issued to her at trial, but she testified specifically, and this is in the appendix that Capital Fitness has provided the court. She testified that they had filed a, yes, Agoff had filed a suit contesting the TIF designation, but it was for a different purpose. And so she did not say, this is the same exact lawsuit. We're looking for the same exact stuff. We're not looking for the same exact stuff. We want the same outcome, certainly, but our interests are to protect our unique property interests. Land ownership, of course, in our society holds a special status. With it comes unique duties and responsibilities, as well as unique rights and interests. And what we're saying here is that those interests are separate from the tenant. We're not in privity with them. We have the right to bring our own separate lawsuit. Your constitutional claims are the same. Either the tenant or the landlord raised the claims that you raised in your constitution. Well, actually, that's not correct. The tenant did not raise a constitutional claim. They could have. They could have. Their position was the same. But for purposes of race judicata, Your Honor, we need to find, we need to look at what the transaction was for that Capital Fitness case, and that involved contesting the TIF designation. What we're saying here is that constitutional claims arise out of a different transaction from what Capital Fitness pled. The different transaction here that arises out of these newly asserted constitutional claims is looking at the statute to see whether or not it is on its face blighted, which has nothing to do with, and certainly our ability to do that is, and we have standing in order to do that because we're the owner. But that was something that, the rule is not could have, did or could have been brought. It's whether or not there was the same transaction, and what we're saying is it did not arise out of the same transaction. All right. Thank you. Thank you. You fought as hard as you could. You did a nice job. Both sides' briefs were very well done. And, again, I tell you that you'll know by the end of the month because it's the end of the quarter.